IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Russell Gordon Vickery, ) | Case No. 8:23-cv-01874-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                            ) | **ORDER** |
| ) | |
| Chad McBride, Joshua D. Black, D. ) | |
| Simmone, C. Reena Thomason,   ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On May 9, 2023, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without issuance and service of process. ECF No. 9. Plaintiff filed objections.[1]  ECF No. 11.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1] Plaintiff also filed two letters and two motions for leave to amend. ECF Nos. 14, 15, 16, 17.

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

***Plaintiff's Objections***

The Magistrate Judge recommends summary dismissal of this action because Plaintiff's claims relying on the sovereign citizen theory are frivolous, Plaintiff's claims related to his pending state criminal charges are subject to the to the *Younger*[2] abstention doctrine, Defendant Thomason is entitled to quasi-judicial immunity, Defendants McBride and Simmone are entitled to dismissal because Plaintiff has failed to allege facts to support supervisory liability, Plaintiff has failed to state a plausible claim for relief as to Defendant Black, and Plaintiff has failed to plausibly allege a constitutional claim.

Plaintiff "objects to all report and recommendations by Judge Jacquelyn D. Austin . . . . ." ECF No. 11 at 1. He contends that he is not "pro se" but is a non-party filer. He further contends that this is a court of equity, that the Magistrate Judge's Report is void

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

on its face, and that the caption is incorrect and misleading. He objects to the Magistrate Judge's characterization of his claims as being rooted in sovereign citizen theory and asserts that "Secured Party is a living breathing flesh and blood man and a non-party filer." He invokes jurisdiction under admiralty, maritime, and commerce.

More specifically, he contends that Defendant Thomason acted outside the scope of her quasi-judicial duties, that he is housed in a three-man cell for 23 hours each day, and that the state court lacks jurisdiction over him. He concludes his objections by requesting an extension of the deadline to amend the complaint. He states that he intends to add additional parties. Attached to the objections, Plaintiff provided a copy of a letter addressed to Defendant Thomason and motions it seems were either filed or intended to be filed in state court.

The majority of Plaintiff's objections as to the substance of the Magistrate Judge's Report concern his allegations against Defendant Thomason. Accordingly, the Court will begin with a discussion of these claims. As stated above, the Magistrate Judge determined that Defendant Thomason, the Anderson County Clerk of Court, is entitled to quasi-judicial immunity. Plaintiff objects and contends that her actions were outside the scope of her role as the Clerk of Court. Upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. The only allegations against Defendant Thomason arise from the performance of her duties as the Clerk of Court and a part of her judicial or quasi-judicial function. Accordingly, she is entitled to immunity in this instance. *See Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("Absolute immunity 'applies to all acts of auxiliary court

personnel that are basic and integral part[s] of the judicial function.'" (citation omitted)). Accordingly, Plaintiff's objections are overruled.

Plaintiff also objects to the Magistrate Judge's determination that he has failed to plausibly state a conditions of confinement claim. In his objections, Plaintiff still fails to identify who he believes is responsible for the alleged inadequate conditions of confinement. His claim that he is housed with three other inmates and only allowed one hour per day to shower and make phone calls fails to state a plausible claim of constitutional magnitude. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) only when two requirements are met: (I) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" i.e., "'deliberate indifference' to inmate health or safety." (citations omitted)). Accordingly, these objections are overruled.

Plaintiff also generally objects to the Magistrate Judge's Report as a whole. Even liberally construed Plaintiff has not specifically objected to most of the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the entirety of the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendations of the Magistrate Judge.

Finally, upon review of Plaintiff's filings, the Court agrees with the Magistrate Judge that many, if not all, of Plaintiff's claims are couched in sovereign citizen language and are subject to dismissal as detailed in the Report. To the extent Plaintiff brings claims

4

based upon sovereign citizen theories, the undersigned finds they are frivolous and dismisses them accordingly. Regardless, this action is subject to dismissal for additional reasons as outlined by the Magistrate Judge and adopted by this Order.

### *Plaintiff's Other Filings*

In his first motion to amend, Plaintiff states that he wants to add the United States of America as a party without any additional facts or allegations. ECF No. 15. In his second motion to amend, he states that he realizes he misquoted Article III of the Constitution and clarifies that he intends to invoke jurisdiction under Article I Sections 7, 8, and 9 "under admiralty, maritime, and commerce, and diversity of jurisdiction." ECF No. 16. The motions are denied as futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (internal quotation marks and citations omitted) (emphasis omitted)); *see also* Fed. R. Civ. P. 15(a).

In his first letter, Plaintiff requests a copy of the docket index showing the status of this case. ECF No. 14. In his second letter, he contends that the facility where he is being held has been holding his mail. He states that he has not received anything from the Court since the Magistrate Judge's Report and states that he is concerned that the jail is holding his mail. To the extent either of these letters requests any form of relief,

they are found as moot. With respect to any request for copies in these or any other filings, the Court directs the Clerk of Court to mail the copy policy to Plaintiff.[3]

## CONCLUSION

Accordingly, upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without leave to amend, without prejudice, and without issuance and service of process. Plaintiff's Motions to Amend [15, 16] are **DENIED** as futile.

IT IS SO ORDERED.

                                                                             s/ Donald C. Coggins, Jr.
                                                                             United States District Judge

December 4, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] To the extent Plaintiff is alleging that he was denied access to courts due to any issues with the mail, he has failed to state a plausible claim as there is no allegation or indication that Plaintiff has suffered any injury related to the mail. *See Emilien v. Weeks*, No. CV 0:21-1647-RMG-PJG, 2022 WL 2500228, at *6 (D.S.C. May 27, 2022), *report adopted,* 2022 WL 2168011 (D.S.C. June 16, 2022); *Rutland v. Sanders*, No. CIV.A. 8:09-1940-SB, 2010 WL 677716 (D.S.C. Feb. 25, 2010).